IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **GREGORY JONES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 24-cv-2952-TLP-tmp |
| **AMERISAVE MORTGAGE** | ) | |
| **CORPORATION and FREEDOM** | ) | |
| **MORTGAGE CORPORATION,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER AND DENYING PLAINTIFF'S MOTIONS FOR JUDICIAL NOTICE AND EXPEDITED HEARING AND FOR DISCOVERY**

Before the court is defendant AmeriSave Mortgage Corporation's ("AmeriSave") motion for an extension of time to answer or otherwise respond to plaintiff's amended complaint, filed on December 31, 2024.[1] (ECF Nos. 21, 22.) Also before the court are plaintiff Gregory Jones's Request for Judicial Notice and Motion for Expedited Hearing and Motion for Discovery, both filed on January 2, 2025. (ECF Nos. 24, 25.) For the reasons set forth below, AmeriSave's motion is GRANTED and Jones's motions are DENIED.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

I.  **AmeriSave's Motion for Extension of Time to Answer**

The court first considers AmeriSave's motion for an extension of time. (ECF No. 21.) In its accompanying memorandum, counsel for AmeriSave asserts that his recent engagement in this action and delays from the winter holidays have necessitated additional time to review the factual allegations and available documents relevant to plaintiff's claims. (ECF No. 22 at PageID 289.) AmeriSave asks for an additional 21 days to respond to Jones's complaint, extending its response deadline from January 2, 2025, to January 22, 2025. (Id. at PageID 288-289.) Jones filed his response in opposition on January 2, 2025. (ECF No. 23.) The court notes that, upon review, Jones's response appears to be a duplicate of his "Request for Judicial Notice and Motion for Expedited Hearing," filed later that same day. (See ECF Nos. 23, 24.) Nevertheless, the undersigned construes Docket Entry No. 23 as Jones's response and considers the merits of his arguments against AmeriSave's motion, namely that, according to Jones, "any delay in the [instant] proceedings will result in ongoing and irreparable harm." (ECF No. 23 at PageID 292.)

"Rule 6(b) of the Federal Rules of Civil Procedure provides that, if a motion requesting an extension is made before the original time to act expires, the Court may extend the time to act for good cause shown." Austin v. Camping World RV Sales, LLC, No. 2:21-cv-02541-TLP-cgc, 2023 WL 3922659, at *1 (W.D. Tenn. Mar. 30,

2023) (citing Fed. R. Civ. P. 6(b)). Here, AmeriSave filed its motion on December 31, 2024, two days before its original response deadline of January 2, 2025. (ECF No. 22 at PageID 288-289.) The court has also considered defendant's arguments in favor of and Jones's arguments against the motion. The undersigned finds good cause for the requested 21-day extension.

For good cause shown, defendant's motion is GRANTED. AmeriSave has until Tuesday, January 28, 2025, to answer or otherwise respond to Jones's complaint.

## II. Plaintiff's Request for Judicial Notice and Motion for Expedited Hearing

The court next addresses Jones's Request for Judicial Notice and Motion for Expedited Hearing dated January 2, 2025. (ECF No. 24.) Citing Federal Rule of Evidence 201, Jones first asks the court to "take judicial notice of the following facts":

> The Defendants colluded to unlawfully foreclose on the Plaintiff's property by presenting altered and fraudulent documents. These documents lack Plaintiff's signature, Gregory Jones[], and do not bear the signature of an authorized representative of the Defendants. Neither Defendant qualifies as the real party in interest, as required under FRCP 17(a). Despite this, Defendant Freedom Mortgage Corporation continues to unlawfully pressure and extort payments from the Plaintiff.

(Id. at PageID 295.)

Federal Rule of Evidence 201 provides that the "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's

territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The rule further states that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). However, judicial notice of a fact is only appropriate if the fact is "beyond reasonable controversy." In re Omnicare, Inc. Sec. Litig., 769 F.3d 455, 466 (6th Cir. 2014) (quoting United States v. Ferguson, 681 F.3d 826, 834 (6th Cir. 2012)) (internal quotation marks omitted).

Here, the court finds that Jones's factual allegations are not adjudicative facts for which judicial notice would be appropriate. At this early stage in the litigation, many of the facts as alleged by Jones—which defendants have not yet admitted or contested—are still subject to reasonable dispute. The court therefore DENIES Jones's request and declines to take judicial notice of his proposed statement of facts.

In addition, Jones moves the court for an "expedited hearing" under Federal Rule of Civil Procedure 57. (ECF No. 24 at PageID 295.) Rule 57 instructs that trial courts "may order a speedy hearing of a declaratory-judgment action." Fed. R. Civ. P. 57. In the instant action, Jones seeks declaratory and injunctive relief, punitive damages, and court costs relating to what Jones describes as "an alleged loan agreement" between himself and defendant

AmeriSave. (ECF No. 9 at PageID 236, 239-40.) He asserts that "continued enforcement of payments to the Defendants without confirmation of the Defendants' possession of the alleged original agreement is directly harming the Plaintiff" and seeks an expedited hearing "to prevent further injury and to ensure the preservation of rights." (ECF No. 24 at PageID 295-296.)

Beyond affording district courts the ability to grant a speedy hearing, "Rule 57 does not provide specific guidance as to the circumstances in which an expedited proceeding will be appropriate." Rogers v. Gray Media Grp., Inc., No. 1:22-CV-00035-GNS, 2022 WL 10662399, at *3 (W.D. Ky. Oct. 18, 2022) (quoting GBX Assocs., LLC v. United States, No. 1:22-cv-401, 2022 WL 1016218, at *2 (N.D. Ohio Apr. 5, 2022)). Instead, "courts have broad discretion in deciding whether to grant a speedy hearing" under Rule 57. Id. (citation omitted).

The undersigned finds that an expedited or "speedy" hearing is again not warranted at this early stage of litigation. As of the date of this order, neither named defendant has yet to file a responsive pleading. See GBX Assocs., 2022 WL 1016218, at *4 (denying plaintiff's request for a speedy hearing in part because defendant had yet to file a responsive pleading and the time to do so had not expired). Furthermore, the court finds that the allegations presented by Jones in his motion and amended complaint are not the sort of "primarily . . . legal" claims for which a

speedy hearing is often appropriate. See Rogers, 2022 WL 10662399, at *3 (citing GBX Assocs., 2022 WL 1016218, at *7-8) ("A speedy hearing may be appropriate where the determination is based primarily on legal issues, rather than factual."). Jones's motion for an expedited hearing is therefore DENIED at this time.

**III. Plaintiff's Motion for Discovery**

Finally, in his January 2 Motion for Discovery, Jones moves the court to "compel Defendant[s] . . . to produce the original note relevant to the above-captioned matter." (ECF No. 25 at PageID 298.) Jones argues that he is entitled to this discovery pursuant to Federal Rule of Civil Procedure 34. (Id.)

Although Jones is correct that he may request production of the relevant note through the discovery process, Federal Rule of Civil Procedure 26(d) generally provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). Here, the parties have not conferred under Rule 26(f), are not involved in a proceeding exempted from the initial disclosure requirements, and have not stipulated or agreed to conduct discovery. See id. The court also has yet to hold a scheduling conference or enter a scheduling order. As such, Jones's Motion for Discovery is premature and accordingly DENIED.

After defendants have filed their Answer(s), the court will conduct a scheduling conference pursuant to Federal Rule of Civil

Procedure 16. At that time, the undersigned will consider an appropriate discovery and briefing schedule in this matter.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 7, 2025
Date