IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GREGORY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02952-TLP-tmp |
| v. ) | |
| ) | |
| AMERISAVE MORTGAGE ) | |
| CORPORATION and FREEDOM ) | |
| MORTGAGE CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S SECOND AMENDED MOTION FOR SUMMARY JUDGMENT**

In his Report and Recommendation ("R&R"), Chief Magistrate Judge Tu M. Pham ("Judge Pham") recommends denying Plaintiff's Second Amended Motion for Summary Judgment. (ECF No. 52; ECF No. 38.) For the reasons below, this Court **ADOPTS** the R&R.

**BACKGROUND AND THE R&R**

On December 5, 2024, pro se Plaintiff Gregory Jones sued Defendants AmeriSave Mortgage Corporation ("AmeriSave") and Freedom Mortgage Corporation ("Freedom").[1] (ECF No. 1.) Under Administrative Order No. 2013-05, the Court referred the case to Judge Pham for management of all pretrial matters. Plaintiff moved for summary judgment a few days later. (ECF No. 11.) And he amended the motion the next day. (ECF No. 13.) On January 7, 2025, Judge Pham entered an R&R, recommending that the Court deny the motion as premature. (ECF No. 28.) Plaintiff did not object, and this Court adopted the R&R. (ECF No. 50.) Plaintiff

---

[1] To date, Freedom has not appeared in this action.

moved for summary judgment a second time on January 30, 2025. (ECF No. 32.) And he amended that motion as well. (ECF No. 38.)

Judge Pham entered this R&R on August 1, 2025. (ECF No. 52.) He recommends denying Plaintiff's Second Amended Motion for Summary Judgment. (*Id.*) Judge Pham gave three reasons for this recommendation. First, he found the motion premature. (*Id.* at PageID 563.) Second, the motion relies on "conclusory allegations from [Plaintiff's] complaint . . . citing several-page-long exhibits attached to the complaint without clarifying to which portion he is referring." (*Id.*) And third, Judge Pham had already entered an R&R recommending that the Court dismiss Plaintiff's claims against AmeriSave, which "further supports that [Plaintiff] is not entitled to judgment as a matter of law." (*Id.*)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

A party who objects must "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). In fact,

2

"[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller*, 50 F.3d at 380)). And so, when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo. *See id*. And the district court need not articulate all its reasons for rejecting a party's objection. *See Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

Plaintiff objects to the R&R on the summary judgment here. (ECF No. 55.) His objection includes two paragraphs. (*Id.*) Plaintiff repeats an argument from his summary judgment motion that the loan document lacked an AmeriSave agent's signature. (*Id.* at PageID 572.) But he mainly objects "to the inability to further appeal on this matter." (*Id.*) And he "respects the court[s] recommendation and decision but believes that fundamental fairness requires the opportunity for the Plaintiff to redress or revisit this matter at a later date." (*Id.*)

These objections are not specific enough to meet the requirements of Federal Rule of Civil Procedure 72(b)(2). Plaintiff does not identify any errors Judge Pham made in the R&R, much less explain why his motion should be granted. Because Plaintiff failed to identify specific errors within Judge Pham's report, the Court reviews the R&R for clear error. *See Miller*, 50 F.3d at 380 (finding that a party's objections to report and recommendation were general objections when they "were summary in nature, with no specificity at all," "failed specifically to address the findings of the magistrate," "disputed the correctness of the magistrate's recommendation but failed to specify the findings that she believed were in error," and "simply

objected to the report and recommendation and referred to several of the issues in the case"). And Plaintiff fails to show Judge Pham's recommendation has any clear error.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Pham's R&R. In fact, the Court agrees with his analysis. So the Court briefly addresses Judge Pham's three reasons for recommending that the Court deny Plaintiff's Second Amended Motion for Summary Judgment.

Start with the motion being premature. Rule 56 allows a party to move for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). But generally, summary judgment is improper when the nonmoving party lacked an opportunity for discovery. *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 653 (W.D. Tenn. 2020) ("'[A] grant of summary judgment is improper if the non movant is given an insufficient opportunity for discovery.'" (quoting *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994))). At the time Plaintiff filed this motion, Judge Pham had not held pretrial proceedings. And it appears that the parties have not engaged in discovery. As a result, the Court agrees with Judge Pham that the motion is premature.

Further cutting against Plaintiff's motion is that it does not meet Rule 56's procedural standard. A court grants summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Walden v. Gen. Elec. Int'l, Inc*, 119 F.4th 1049, 1056 (6th Cir. 2024). And the moving party must support their factual assertions by "citing to particular parts of materials in the record." *Id.* at 56(c)(1)(A). But Plaintiff cites only page-long exhibits with no context. (ECF No. 38 at

PageID 482–84.) So the Court agrees with Judge Pham—Rule 56 requires more from Plaintiff than that.

But even more, the motion's fatal flaw boils down to mootness. Judge Pham entered an R&R recommending that the Court grant AmeriSave's Second Motion to Dismiss before this R&R on the summary judgment. (ECF No. 51.) The Court agreed with Judge Pham and dismissed Plaintiff's claims against AmeriSave. (ECF No. 56.) Because AmeriSave is no longer a party to this lawsuit, it follows that Plaintiff is not entitled to summary judgment against them.

## CONCLUSION

The Court has reviewed Judge Pham's R&R and finds no clear error. And so, the Court **ADOPTS** the R&R and **DENIES** Plaintiff's motions for summary judgment.

**SO ORDERED**, this 15th day of September, 2025.

 s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

5